**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MARIE L. HENRY, as guardian, parent,**
**next of kin, and for and on behalf of M.E.**
**Henry-Robinson, a minor**

     **Plaintiff,**

**v.**                                               **Case No: 5:13-cv-528-Oc-10PRL**

**CITY OF MT. DORA, BRETT**
**LIVINGSTON and L. SEVERANCE**

     **Defendants.**

_____

### ORDER

This case comes before the Court for consideration of Plaintiff's Motion to Strike (Doc. 19) Motion to Dismiss and Exhibits, to which Defendants have responded. (Doc. 23).

### I.     BACKGROUND

On October 25, 2013, Plaintiff initiated this case by filing a Complaint alleging claims pursuant to 42 U.S.C. § 1983 and related claims on behalf of her minor daughter. As alleged in the Complaint (Doc. 1), Plaintiff's claims arise out of an incident that occurred on Halloween night in 2009, wherein the Mount Dora Police Department responded to a call that juveniles were throwing rocks at a building.   Plaintiff's daughter (herein referenced as "M.E."), then thirteen (13) years of age, was stopped near downtown Mt. Dora and questioned regarding the incident.   Although the investigating officers determined that M.E. was not involved, Officer Livingston told her she was not

free to leave and requested that she provide her name and address.  As alleged in the Complaint, M.E. was "accosted by Officer Livingston, thrown forcibly to the ground, and arrested by Officer Livingston and Officer Severance for violating Fla. Stat. § 843.02; to wit, obstructing an officer,"  (Doc. 1, p. 4).  Plaintiff alleges physical injuries, as well as humiliation and embarrassment, and that she was transported to the Mount Dora Police Department, where she was detained and interrogated.  (Doc. 1, p. 4).  Plaintiff alleges the following claims arising out of the incident: (1) Deprivation of Civil Rights against Defendant City of Mount Dora, including claims under the Fourth and Fourteenth Amendment for failure to properly supervise, and failure to follow Florida law and Mount Dora Police Department policies; (2) Deprivation of Civil Rights against Defendant Livingston in his individual and official capacities for arrest without probable cause; (3) similar § 1983 claims against Defendant Severence, an officer with the Mount Dora Police Department; (4) False arrest/false imprisonment against Defendant Livingston; (5) False arrest against Defendant Severence; (6) False arrest/false imprisonment against the City of Mount Dora; (7) Assault and Battery against Defendant Livingston; and (8) Assault and Battery against City of Mount Dora; and (9) Negligent training and supervision against the City of Mount Dora.  (Doc. 1).

In response, Defendants Livingston and Severence have moved to dismiss Counts II through V of the Complaint, as well as Count II.  (Doc. 13).  As to Counts II through V, the basis for Defendants' motion is that those claims should be dismissed under the doctrine espoused in *Heck v. Humphey*, 512 U.S. 477 (1994), which bars claims for allegedly unconstitutional conviction or imprisonment under § 1983 unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

In support of their motion, Defendants submit partially redacted versions of records relevant to incident in question, including Mount Dora Police Department Records, Records of the Florida Department of Juvenile Justice (Doc. 31-1), and an Order of Adjudication (Doc. 13-2) containing conditions of probation.  Defendants argue that these records establish the functional equivalent of a conviction for a *Heck* analysis, and that Plaintiff's § 1983 claims are therefore barred as impermissible collateral attacks.

## II.      DISCUSSION

Plaintiff moves to strike both the motion and exhibits, contending they contain the confidential juvenile arrest records of M.E., in violation of her constitutional right to privacy under the Fourteenth Amendment and the Florida Constitution.  Moreover, Plaintiff contends that the confidentiality of the records is established by Florida Statute § 985.04 which provides that information obtained under the juvenile justice chapter "is confidential and may be disclosed only to the authorized personnel of the court, the [juvenile justice] department and its designees, [and other authorized personnel]."  Fla. Stat. § 985.04(1).

In response, Defendants argue that the records should not be stricken for several reasons:  (1) Plaintiff's motion is untimely; (2) Plaintiff fails to meet the high standard for granting a motion to strike; and (3) Plaintiff opened the door to filing the records at issue by placing the question of probable cause for her arrest into controversy. Defendants also argues that the documents are "redacted," and are necessary to the disposition of their motion to dismiss.   Defendants contend that, in deciding a motion to dismiss, a court may take judicial notice of a public record without converting the motion

to dismiss into a motion for summary judgment, citing *Rivera v. City of Tampa*, No. 8:10-cv-2851-T-33EAJ, 2011 WL 4031137, *3, n. 2 (M.D. Fla. Sep. 12, 2011).

Upon review of the records at issue, the Court notes that they include reports from the Mount Dora Police Department, as well as an Order of Adjudication from the Juvenile Division of the Circuit Court of Lake County.  (Ex. 13-1, 13-2).  The Court observes that, although Defendants contend the records have been redacted, they contain a significant amount of identifying information, including M.E.'s actual name, presumably left unredacted in error.  Notwithstanding the documents' relevance to Defendants' pending motion to dismiss (Doc. 13), the Court agrees that it is inappropriate for the documents to remain as filed in light of the confidentiality requirements governing juvenile justice records set forth in Fla. Stat. § 985.04.

Defendants contend they informed Plaintiff's counsel that if Plaintiff requested the documents be sealed, they would have no objections.  Defendants state that, for unknown reasons, Plaintiff has not requested the Court to seal the records.  (Doc. 23).  The Court finds, however, that this argument does not relieve Defendants of their responsibility under Fla. Stat. § 985.04 to maintain the confidentiality requirements regarding juvenile justice records.  By its terms, § 985.04 applies to law enforcement agencies and law enforcement agents, as well as the Department of Juvenile Justice, courts, and related agencies.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to strike (Doc. 19) is **GRANTED.**  Defendants' motion to dismiss (Doc. 13) and exhibits in support of

Defendants motion to dismiss (Docs. 13-1 and 13-2) are hereby **STRICKEN**, and the Clerk is directed to remove them from the Court's CM/ECF system.   Within fourteen (14) days of this Order, Defendants may renew their motion to dismiss and either (1) re-submit the exhibits in a redacted format that complies with the confidentiality requirements of Fla. Stat. § 985.04 or (2) submit a motion to file the exhibits under seal pursuant to Local Rule 1.09.

      **DONE** and **ORDERED** in Ocala, Florida on April 16, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties