UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARIE L. HENRY, as guardian,
parent, next of kin, and for and on behalf
of M.E. HENRY-ROBINSON, a minor,

      Plaintiff,

v.                                     Case No:  5:13-cv-528-Oc-30PRL

CITY OF MT. DORA, et al.,

      Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant City of Mount Dora's Motion for Partial Summary Judgment (Doc. 43) and Plaintiff's response in opposition thereto (Doc. 48).  The Court, having reviewed the motion, response, and being otherwise fully advised in the premises, concludes that the motion should be granted.

## BACKGROUND

**I.  Procedural Background**

On October 25, 2013, Plaintiff Marie L. Henry initiated this action on behalf of her minor daughter, M.E., alleging various claims against the City of Mt. Dora (the "City") and Officers Brett Livingston and Ivelisse Severance (collectively "the Officers") in their individual and official capacities, including claims under 28 U.S.C. § 1983 for (1) deprivation of civil rights under the Fourth and Fourteenth Amendments against the

City (Count I); and (2) deprivation of civil rights under the Fourth, Fifth, and Fourteenth Amendments against the Officers (Counts II & III).  Plaintiff also raised state law claims for (1) false arrest and false imprisonment against the Officers and the City (Counts IV-VI); (2) assault and battery against Officer Livingston and the City (Counts VII & VIII); and (3) negligent training and supervision against the City (Count IX).  The City filed an answer to the complaint on December 10, 2013 (Doc. 8), and filed an amended answer on December 17, 2013 (Doc. 11).  The Officers filed a motion to dismiss Counts II through V and Count VII on April 28, 2014.  (Doc. 26).

The Court granted the Officers' motion to dismiss in part, dismissing Counts II and III to the extent they alleged claims for false arrest under § 1983 and dismissing Counts III and IV in their entirety.  (Doc. 42).  Plaintiff filed a motion for reconsideration (Doc. 44), which the Court denied (Doc. 49).  Currently before the Court is the City's motion for partial summary judgment.  (Doc. 43).  For the same reasons raised by the Officers in their motion to dismiss, the City seeks partial summary judgment on Plaintiff's § 1983 claim for false arrest (Count I) and Plaintiff's state law claim for false arrest and false imprisonment (Count VI). (Doc. 43 at 7-8).

## II.  Relevant Facts[1]

On October 31, 2009, the Mt. Dora Police Department received an emergency call complaining that several juveniles were throwing rocks at a building in the downtown area. The Officers responded to the area, and Officer Livingston observed a group of juveniles,

---

[1]These facts were gleaned from Plaintiff's complaint unless otherwise noted.

including minor M.E., walking downtown.[2]  Officer Livingston stopped M.E. and the other juveniles to question them about the alleged incident.  M.E. responded that she did not participate in the incident and had no knowledge of it.  Officer Livingston then asked M.E. for her name and address, which Plaintiff contends was for the purpose of collecting information for a database.  M.E. refused to provide this information to Officer Livingston.  Plaintiff alleges that Officer Livingston then grabbed M.E., threw her to the ground, and arrested her for resisting an officer without violence in violation of § 843.02, Florida Statutes (2009).  M.E.'s top was pulled down during the arrest exposing her breasts, and when M.E. asked Officer Severance to fix it, she refused.

Thereafter, on May 21, 2010, the state court issued an order of adjudication and disposition in M.E.'s juvenile delinquency case withholding adjudication of delinquency on the charge of obstructing an officer without violence.  (Doc. 34, Ex. B).  The state court found that M.E. committed the offense of resisting an officer without violence and sentenced her to probation,[3] which required that M.E. complete and comply with various conditions.  (Id.).  M.E. appealed the adjudication of delinquency, but the Florida Fifth District Court of Appeal affirmed the adjudication.  See M.E.-R., 61 So. 3d at 483 (affirming M.E.'s adjudication of delinquency but remanding for a new disposition hearing

---

[2]Plaintiff contends that M.E. was "nowhere near the building," but the complaint does not describe M.E.'s proximity to the area in question.  (Doc. 1 at 3).

[3]The length of M.E.'s probation is unclear from the record.  Plaintiff asserts that M.E. was sentenced to probation until her nineteenth birthday.  (Doc. 48 at 2).  It is difficult to discern from the order of adjudication whether M.E. was sentenced to one-year probation or probation until her nineteenth birthday.  (Doc. 34, Ex. B).  On appeal, inconsistencies in M.E.'s pronounced and written sentence were noted and the case was remanded for clarification.  See M.H.-R. v. Florida, 61 So. 3d 483, 483 (Fla. 5th DCA 2011).  Nevertheless, the precise length of M.E.'s sentence is not relevant to the issues raised by the City's motion for summary judgment.

due to inconsistencies in the juvenile court's oral pronouncement and written order of M.E.'s disposition).

## **DISCUSSION**

## I.  **Legal Standard**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 56.  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; rather "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material.  *See id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor.  *See id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  The evidence must be significantly probative to support the claims.  *See Anderson*, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990).  "[I]f factual issues are present, the court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *See Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990).  However, there must exist a conflict in substantial evidence to pose a jury question.  *See Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## II.  Analysis

For the same reasons articulated in great detail in the Court's November 10, 2014 order granting in part the Officers' motion to dismiss (Doc. 42), the Court concludes that the City's motion for summary judgment should be granted.  Nevertheless, the Court will address several arguments raised by Plaintiff in response to the City's motion for summary judgment.

First, as with her motion for reconsideration and her response in opposition to the Officers' motion to dismiss, Plaintiff takes issue with the circumstances of M.E.'s arrest. (Doc. 48 at 4-11).  Plaintiff again asserts that the Officers lacked probable cause to arrest M.E. because she did not commit any unlawful conduct.  Plaintiff fails to grasp that the Court is precluded from reaching the issue of probable cause and the legality of Plaintiff's arrest.  As discussed at length in the November 10, 2014 order, Plaintiff's § 1983 claims for false arrest are barred by the *Heck* doctrine as espoused in *Heck v. Humphrey*, 512 U.S.

477 (1994).  Similarly, Plaintiff's state law claims are barred by Florida precedent which precludes a claim of false arrest and false imprisonment if the plaintiff is convicted of the crime for which he or she was arrested and that conviction was not obtained by fraud, prejudice, or corrupt means. [4]  *See Behm v. Campbell*, 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006); *Moody v. City of Key West*, 805 So. 2d 1018, 1021 (Fla. 3d DCA 2001); *Carter v. City of St. Petersburg*, 319 So. 2d 602, 604 (Fla. 2d DCA 1975).  Accordingly, this Court cannot address the circumstances of M.E.'s arrest, including whether probable cause existed to arrest M.E.  Thus, Plaintiff's continued argument in this regard remains unavailing.

Second, Plaintiff contends that this Court's consideration of M.E.'s juvenile record is improper under Florida law, specifically Fla. Stat. § 985.045(4), which delineates when the records of juvenile proceedings are admissible in evidence.  (Doc. 48 at 11-13).  According to Plaintiff, under § 985.045(4), M.E.'s juvenile records are inadmissible in this proceeding.  (*Id.*).  However, this is not the first time Plaintiff has complained about the filing of M.E.'s juvenile records.  On January 22, 2014, Plaintiff filed a motion to strike the Officers' original motion to dismiss arguing that M.E.'s juvenile records should not have been filed with the Court because they were confidential.  (Doc. 19).  The Court

---

[4]Plaintiff contends that the lack of probable cause for M.E.'s arrest establishes that her juvenile adjudication was the product of fraud, prejudice, or other corrupt means. (Doc. 48 at 3-9). Plaintiff's argument puts the cart before the horse and merely creates a circular type of logical reasoning.  In other words, if a conviction is sufficient evidence of probable cause in the absence of fraud, prejudice, or other corrupt means, but a lack of probable cause could invalidate the conviction as fraudulent, prejudicial, or corrupt, then the standard would be rendered effectively meaningless.

granted the motion finding that the records were confidential, but allowed the Officers an opportunity to file the documents under seal.   (Doc. 24).   However, when Plaintiff originally challenged the filing of M.E.'s juvenile records, Plaintiff did not argue that § 985.045(4) precluded consideration of M.E.'s juvenile records.

It appears that Plaintiff is attempting to seek reconsideration of this Court's previous order granting Plaintiff's motion to strike but allowing the Officers to file M.E.'s juvenile records under seal.  (*See* Doc. 48 at 13).   Thus, the Court construes this argument as a request for reconsideration and concludes that the construed request should be denied. Reconsideration is not appropriate based on arguments not previously raised.  *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (stating that a motion for reconsideration should not be used to raise arguments that could have been raised prior to entry of the judgment or order).   Plaintiff could have raised this issue previously, but did not.

More importantly, however, it is uncontroverted that M.E.'s juvenile records are relevant to the claims raised in Plaintiff's complaint because they are part of the process of which Plaintiff complains.   In bringing this action, Plaintiff placed M.E.'s juvenile proceedings at issue.  Plaintiff cannot seek to challenge a portion of the events leading up to the juvenile adjudication while withholding pertinent information regarding the remainder of the proceedings.  Allowing Plaintiff to withhold this relevant information would be unduly prejudicial to Defendants.  Accordingly, by injecting M.E.'s juvenile proceedings into this case, Plaintiff has waived any arguments that could be raised under § 985.045(4).  *Cf. Green v. Montgomery*, 43 F. Supp. 2d 239, 244 (E.D. N.Y. 1999)

(recognizing that "[a]lthough the statutory privilege relating to juvenile delinquency proceedings should be protected, this statutory privilege . . . may be waived" (citation and internal quotation marks omitted)); *Missouri ex rel. Rowland v. O'Toole*, 884 S.W.2d 100, 103 (Mo. Ct. App. 1994) (comparing the confidentiality of juvenile records conferred by statute to that of attorney-client and physician-patient privileges and concluding that the confidentiality of juvenile records is waived if the juvenile puts his or her arrest and detention at issue in a later civil trial). Thus, M.E.'s juvenile records were properly considered.[5]

Third, Plaintiff alleges that the Officers failed to provide the Court a complete record of M.E.'s juvenile proceedings, and, therefore, the Court's previous order was erroneous. (Doc. 48 at 13-16). Namely, Plaintiff accuses the Officers of failing to inform the Court that M.E.'s adjudication of delinquency was upheld on appeal. *See M.H.-R.*, 61 So. 3d at 483. Although the Court agrees that the Officers should have informed the Court of the opinion of the Florida Fifth District Court of Appeal, the failure to apprise the Court of this opinion did not result in prejudice to Plaintiff. And, nothing prevented Plaintiff from easily correcting this deficiency by bringing the opinion to the Court's attention herself. Plaintiff argues that the Court should have considered the appellate decision and found it to be legally incorrect and "constitutionally infirmed." (Doc. 48 at 16-20). But as

---

[5]It should also be noted that although M.E.'s juvenile records, particularly the order of adjudication, were considered as evidence, steps were taken to protect the confidentiality of those records, i.e., the records were filed under seal.

the Court has explained on several occasions at this point, applicable federal and Florida law prevents the Court from addressing the merits of Plaintiff's claims for false arrest.

Plaintiff also contends that the Officers should have informed the Court of Plaintiff's various allegations of misconduct regarding M.E.'s juvenile proceedings. (Doc. 48 at 14-16). Again, whether Defendants had a duty to inform the Court of these allegations is irrelevant. If Plaintiff believed the allegations of misconduct were relevant to the issues raised by Defendants, nothing prevented Plaintiff from informing the Court of these allegations.

As to the allegations of misconduct now brought to the Court's attention by Plaintiff, Plaintiff has failed to demonstrate how any of these allegations bear on the validity of M.E.'s adjudication of delinquency. Most of Plaintiff's complaints are directed at conduct that would have no bearing on the adjudication of delinquency. For example, Plaintiff complains that the juvenile judge issued pick-up orders for M.E., admonished her, and denied her request to leave the state of Florida. (Doc. 48 at 15-16). On their face, none of these incidents have any bearing on the adjudication itself and Plaintiff does not elaborate on how these incidents affected M.E.'s adjudication. Plaintiff also alleges that M.E.'s juvenile proceedings commenced after expiration of the speedy trial date and that there were ex parte communications (*Id.*), but Plaintiff again does not explain how these alleged instances of misconduct affected the adjudication. Finally, Plaintiff proffers complaints about M.E.'s juvenile disposition (*Id.*), but defects in M.E.'s sentence also have no apparent bearing on her adjudication of delinquency. Furthermore, Plaintiff has offered no

supporting documentation for any of her allegations of misconduct.  Therefore, the Court finds that Plaintiff's allegations of misconduct do not affect the Court's previous analysis.

<u>**CONCLUSION**</u>

Because none of the arguments raised by Plaintiff affect the Court's analysis as thoroughly laid out in its November 10, 2014 order (Doc. 42), the Court incorporates that analysis into this Order and concludes that the City's motion for summary judgment should be granted.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant City of Mount Dora's Motion for Partial Summary Judgment (Doc. 43) is GRANTED as stated herein.[6]

2.  Plaintiff's construed motion for reconsideration of the Court's April 21, 2014 order (Doc. 24) allowing the Officers to submit M.E.'s juvenile records under seal is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of January, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\13-cv-528 msj 43.docx

---

[6]For clarification, Plaintiff's remaining claims include (1) Count I for excessive force under § 1983 against the City, (2) Count II for excessive force under § 1983 against Officer Livingston, (3) Count III for excessive force under § 1983 against Officer Severance, (4) Count VII for assault and battery against Officer Livingston, (5) Count VIII for assault and battery against the City, and (6) Count IX for negligent training and supervision against the City.